In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00163-CV
_____

IN THE INTEREST OF D.H.

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-224,455

**MEMORANDUM OPINION**

L.P. appeals from an order terminating her parental rights to her minor child, D.H. The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of L.P.'s parental rights and termination of L.P.'s parental rights is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (b)(2) (West Supp. 2015). In five appellate issues, L.P. challenges the legal and factual sufficiency of the evidence. We affirm the trial court's order terminating L.P.'s parental rights to D.H.

1

## FACTUAL BACKGROUND

At the termination hearing,[1] Eva Blanchard, the CPS caseworker in charge of the case involving D.H., testified that L.P. used drugs while she was pregnant, and by doing so, she endangered D.H.'s physical and emotional well-being and placed him in conditions or surroundings that endangered his physical and emotional well-being. According to Blanchard, L.P. tested positive for multiple drugs, including benzodiazepines, methamphetamines, opiates, amphetamines, and marijuana, during the pendency of the CPS case. Blanchard explained that L.P. was under the influence of amphetamines, barbiturates, and benzodiazepines during one visit with D.H.

Blanchard testified that L.P. has not provided formula, food, clothing, or other things necessary for D.H.'s care. According to Blanchard, L.P. has not fully complied with the service plan, missed approximately fifteen scheduled appointments with CPS, and failed to complete a court-ordered substance abuse treatment program. In addition, Blanchard testified that L.P. had been unable to maintain a stable household. Blanchard explained that D.H. is currently being raised by an aunt and uncle who want to adopt him, and he is thriving under their

---

[1]L.P. was represented by counsel at the termination hearing, but she did not personally appear, and no witnesses testified on her behalf.

care. Blanchard testified that it is in D.H.'s best interest to remain in his current placement with his aunt and uncle.

The trial court admitted a report from Court Appointed Special Advocates (CASA) into evidence. In its report, CASA indicated that D.H. was born in December of 2014. CASA explained that L.P. had tested positive for methadone and opiates in November 2014, but L.P. tested negative for drugs on the date of D.H.'s birth. The report indicated that L.P. was "validated" for physical abuse of D.H. "due to her knowingly consuming illegal drugs all the way up to her 36th week of pregnancy." According to the report, L.P. "admitted to using drugs during her pregnancy." Two other CASA reports contained the same findings. The family service plan for L.P. stated that L.P. was aware that her drug usage during pregnancy affected D.H.

The trial court found that L.P.: (1) knowingly placed or knowingly allowed D.H. to remain in conditions or surroundings which endangered his physical or emotional well-being; (2) engaged in conduct or knowingly placed D.H. with persons who engaged in conduct which endangered his physical or emotional well-being; (3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of D.H., and (4) used a controlled substance in a manner that endangered D.H.'s health or safety and failed

3

to complete a court-ordered substance abuse treatment program or, after completing such a program, continued to abuse a controlled substance. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P). The trial court also found termination of L.P.'s rights to be in D.H.'s best interest. *See id.* § 161.001(b)(2).

## ISSUES ONE AND FIVE

In her first issue, L.P. argues that the evidence was legally and factually insufficient to show that she knowingly placed or allowed D.H. to remain in conditions or surroundings that endangered his physical or emotional well-being. In her fifth issue, L.P. contends that the evidence was legally and factually insufficient to demonstrate that termination of her parental rights was in D.H.'s best interest. Because they are dispositive, we address issues one and five together.

Under legal sufficiency review, we review all the evidence in the light most favorable to the finding to determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id.* If no reasonable factfinder could form a firm belief or

conviction that the matter that must be proven is true, the evidence is legally insufficient. *Id*.

Under factual sufficiency review, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id*. We give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. We consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id*. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id*.

The decision to terminate parental rights must be supported by clear and convincing evidence, *i.e.*, "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2014); *In the Interest of J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). The movant must show that the parent committed one or more predicate acts or omissions and that termination is in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001; *see also J.L.*, 163

5

S.W.3d at 84. We will affirm a judgment if any one of the grounds is supported by legally and factually sufficient evidence and the best interest finding is also supported by legally and factually sufficient evidence. *In the Interest of C.A.C.*, No. 09-10-00477-CV, 2011 WL 1744139, at *1 (Tex. App.—Beaumont May 5, 2011, no pet.) (mem. op.).

Section 161.001(b)(1)(D) allows for termination if the trial court finds by clear and convincing evidence that the parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[.]" Tex. Fam. Code Ann. § 161.001(b)(1)(D). The "endangerment analysis focuses on the evidence of the child's physical environment, although the environment produced by the conduct of the parents bears on the determination of whether the child's surroundings threaten his well-being." *Jordan v. Dossey*, 325 S.W.3d 700, 721 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The trial court may consider parental conduct both before and after the child's birth. *Id*. Regarding the child's best interest, we consider a  non-exhaustive list of factors: (1) desires of the child; (2) emotional and physical needs of the child now and in the future; (3) emotional and physical danger to the child now and in the future; (4) parental abilities of the individuals seeking custody; (5) programs available to assist these individuals to

6

promote the best interest of the child; (6) plans for the child by these individuals or by the agency seeking custody; (7) stability of the home or proposed placement; (8) acts or omissions of the parent which may indicate that the existing parent-child relationship is not proper; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *see* Tex. Fam. Code. Ann. § 263.307(b) (West Supp. 2015).

Based upon the evidence before it, the trial court could reasonably conclude that L.P.'s drug use during her pregnancy, as well as her intoxication during a scheduled visit with D.H., created an environment that endangered D.H.'s physical or emotional well-being. *See Jordan*, 325 S.W.3d at 721; *see also* Tex. Fam. Code Ann. § 161.001(b)(1)(D). The trial court could reasonably have formed a firm belief or conviction that L.P. knowingly placed D.H. in conditions or surroundings which endangered his physical or emotional well-being. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D).

With respect to the best interest finding, the record indicates that D.H. was too young to express his desires; however, Blanchard testified that D.H. was thriving in his placement with an aunt and uncle who wished to adopt him. The trial court heard Blanchard testify that it is in D.H.'s best interest to remain in his current placement. "[T]he prompt and permanent placement of the child in a safe

7

environment is presumed to be in the child's best interest." Tex. Fam. Code Ann. § 263.307(a). As the sole judge of Blanchard's credibility and the weight to be given to her testimony, the trial court could reasonably conclude that termination of L.P.'s parental rights was in D.H.'s best interest. *See id.* §§ 161.001(b)(2), 263.307(a), (b); *see also J.F.C.*, 96 S.W.3d at 266; *Holley*, 544 S.W.2d at 371-72.

We conclude that CPS established, by clear and convincing evidence, that L.P. committed the predicate act enumerated in section 161.001(b)(1)(D) and that termination of L.P.'s parental rights is in D.H.'s best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (2); *C.A.C.*, 2011 WL 1744139, at *1. We overrule issues one and five and need not address issues two, three, and four. *See C.A.C.*, 2011 WL 1744139, at *1; *see also* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 26, 2016
Opinion Delivered August 25, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

8